**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:08-CV-229-FDW
(Consolidated with Civil Action Nos. 3:08-CV-247 and 3:08-CV-303**

| | |
|---|---|
| **CONSTANCE SPINOZZI,** on behalf of all others similarly situated**,**<br><br>          **Plaintiff,**<br><br>    **v.**<br><br>**LENDINGTREE, LLC; NEWPORT LENDING CORP.; SOUTHERN CALIFORNIA MARKETING CORP.; HOME LOAN CONSULTANTS, INC.; and SAGE CREDIT CO.**<br><br>          **Defendants.** | **MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT LENDINGTREE, LLC'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** |

1.     **LendingTree Has Met Its Burden to Compel Arbitration**

LendingTree (herein, a collective term for LendingTree, LLC and Home Loan Center, Inc. d/b/a LendingTree Loans) has submitted copies of: (1) LendingTree's Terms of Use ("TOU"); (2) the on-screen button that each Plaintiff clicked agreeing to the TOU; (3) a sworn Affidavit that to request quotes from LendingTree each consumer must press that button; and (4) letters sent to Plaintiffs' counsel, demanding that each Plaintiff abide by the TOU, dismiss her suit, and submit to individual arbitration. By undisputed evidence, LendingTree has proven that each Plaintiff has breached a binding arbitration agreement with LendingTree.

2.     **North Carolina Law Strongly Disfavors Unconscionability as a Defense**

Plaintiffs claim that under North Carolina law, LendingTree's TOU and its arbitration provisions are unconscionable and unenforceable. Although the Federal Arbitration Act, 9 U.S.C.A. §1, *et seq*. ("FAA") does preserve State contract law defenses, "unconscionability is an

affirmative defense and the party asserting the defense bears the burden of proof," <u>Raper v. Oliver House, LLC</u>, 180 N.C. App. 414, 419 (2006).

North Carolina imposes a heavy burden of proof. Plaintiffs' own Opposition, page 12, cites three appellate court cases *rejecting* claims of unconscionability. A contract is not unconscionable where the consumer is free to choose among providers or even reject the services offered. <u>See</u>, <u>Brenner v. The Little Red School Home Limited</u>, 302 N.C. 207, 213 (1981)(enrollment contract not unconscionable, "for there were other private and public schools available to educate [Plaintiff's] child"); <u>Rite Color Chemical Company, Inc. v. The Velvet Textile Co</u>., 105 N.C. App. 14 (1992) (consumer had and knew of options in the marketplace); <u>Martin v. Sheffer</u>, 102 N.C. App. 802, 805-06 (1991) ("the parties were free to shape their remedies according to their needs").[1] Plaintiffs say these cases illuminate "legal principles surrounding unconscionability that are well-established under North Carolina law." Opposition, p. 12. Yet, under the principles of these cases, Plaintiffs' claims fail.

Plaintiffs had many alternative providers available to them. Simply typing "mortgage loan comparison shop" into Yahoo! yields thousands of results. The first page of results contains multiple competitors of LendingTree. *Exhibit A*. Plaintiffs had all of these choices, all free of charge. Yet, Plaintiffs each chose LendingTree and agreed to LendingTree's TOU, including the arbitration provisions. Plaintiffs are bound by their respective free choices.

---

[1] The <u>Tillman</u> decision does not uproot North Carolina's law on unconscionability. <u>Tillman v. Commercial Credit Loans, Inc</u>., 362 N.C. 93, 104 (2008). As discussed in LendingTree's Motion, <u>Tillman</u> addresses a procedurally unconscionable situation where a lender pressures a borrower through closing, flipping pages and pointing where to sign. Plaintiffs here had every opportunity to read the TOU. And, as discussed *infra*, <u>Tillman</u> was predicated on detailed factual findings of substantive unconscionability, <u>i.e.</u>, financial hardship. Plaintiffs present no such proofs.

### 3. Lacking Evidence, Each Plaintiff's Claim that the Arbitration Clause is an Unconscionable Deterrent Must Fail

Each Plaintiff must establish unconscionability in light of *her* personal circumstances. "The party seeking to avoid arbitration bears the burden of establishing that *he* cannot effectively vindicate *his* statutory rights under the terms of an arbitration agreement." In re Cotton Yarn Antitrust Litigation, 505 F.3d 274, 283 (4th Cir. 2007) (emphasis added). Inquiry into allegedly unconscionable arbitration costs must be "a case-by-case analysis," considering "the claimant's ability to pay the arbitration fees and costs[.]" Bradford v. Rockwell Semiconductor Sys., Inc., 238 F.3d 549, 556 (4th Cir. 2001).

Plaintiffs contend that we must accept their respective allegations as true at this pre-Answer motion stage. Plaintiffs are wrong. Motions to enforce arbitration provisions are heard under Section 6 of the FAA, and are not bound by the normal conventions surrounding Rule 12(b) Motions.[2] Rather, motions to enforce arbitration agreements consider evidence and determine, as in summary judgment, whether the party opposing enforcement of the clause has presented any genuine issue of material fact.[3] If not, arbitration is compelled.

Where the party resisting arbitration on the basis of cost fails to show that the fees to be charged will be prohibitive in light of her financial condition, arbitration must be compelled. See, e.g., Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 91 n.6 (2000) ("Randolph plainly failed to make any *factual showing* that…*she* would be charged the filing fee or arbitrator's fee that she identified")(emphasis added); Bradford, 238 F.3d at 558 ("Bradford

---

[2] See, Rule 81(a)(6)(B)(excepting from the Rules those procedures provided by the FAA).

[3] See, e.g., Par-Knit Mills, Inc. v. Storckbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980); Martin v. Citibank, Inc., 2008 WL 2492068 at *2 (D.D.C.).; Cogent Computer Systems, Inc. v. Turbochef Technologies, Inc., 2008 WL 219343 (D.R.I.); Santos v. GE Capital, 397 F.Supp.2d 350, 353 (D.Conn. 2005); Brown v. Dorsey & Whitney, LLP, 267 F. Supp. 2d 61, 67 (D.D.C. 2003).

- 3 -

Case 3:08-cv-00229-FDW-DCK Document 46 Filed 08/18/2008 Page 3 of 8

### 3. Lacking Evidence, Each Plaintiff's Claim that the Arbitration Clause is an Unconscionable Deterrent Must Fail

Each Plaintiff must establish unconscionability in light of *her* personal circumstances. "The party seeking to avoid arbitration bears the burden of establishing that *he* cannot effectively vindicate *his* statutory rights under the terms of an arbitration agreement." In re Cotton Yarn Antitrust Litigation, 505 F.3d 274, 283 (4th Cir. 2007) (emphasis added). Inquiry into allegedly unconscionable arbitration costs must be "a case-by-case analysis," considering "the claimant's ability to pay the arbitration fees and costs[.]" Bradford v. Rockwell Semiconductor Sys., Inc., 238 F.3d 549, 556 (4th Cir. 2001).

Plaintiffs contend that we must accept their respective allegations as true at this pre-Answer motion stage. Plaintiffs are wrong. Motions to enforce arbitration provisions are heard under Section 6 of the FAA, and are not bound by the normal conventions surrounding Rule 12(b) Motions.[2] Rather, motions to enforce arbitration agreements consider evidence and determine, as in summary judgment, whether the party opposing enforcement of the clause has presented any genuine issue of material fact.[3] If not, arbitration is compelled.

Where the party resisting arbitration on the basis of cost fails to show that the fees to be charged will be prohibitive in light of her financial condition, arbitration must be compelled. See, e.g., Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 91 n.6 (2000) ("Randolph plainly failed to make any *factual showing* that…*she* would be charged the filing fee or arbitrator's fee that she identified")(emphasis added); Bradford, 238 F.3d at 558 ("Bradford

---

[2] See, Rule 81(a)(6)(B)(excepting from the Rules those procedures provided by the FAA).

[3] See, e.g., Par-Knit Mills, Inc. v. Storckbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980); Martin v. Citibank, Inc., 2008 WL 2492068 at *2 (D.D.C.).; Cogent Computer Systems, Inc. v. Turbochef Technologies, Inc., 2008 WL 219343 (D.R.I.); Santos v. GE Capital, 397 F.Supp.2d 350, 353 (D.Conn. 2005); Brown v. Dorsey & Whitney, LLP, 267 F. Supp. 2d 61, 67 (D.D.C. 2003).

- 3 -
Case 3:08-cv-00229-FDW-DCK    Document 46    Filed 08/18/2008    Page 3 of 8

has failed to demonstrate any inability to pay the arbitration fees and costs, much less prohibitive financial hardship").

The court in Tillman, upon which Plaintiffs solely rely, looked for evidence of exactly the facts of personal hardship which Plaintiffs here have failed to provide. 362 N.C. at 104 (2008). In Tillman, the Court had before it a "detailed listing of Mrs. Tillman's assets and liabilities, together with all available supporting documentation," and the same evidence for Richardson. *Exhibit B*, Plaintiffs-Appellees' Brief, p. 9, footnote 12. Tillman and Richardson were also deposed at length regarding their respective finances. Id. Thus, the trial court had an ample factual basis in finding:

> Mrs. Tillman's weekly after-tax take-home pay is approximately $258.00. Her husband is deceased, and as a result, Mrs. Tillman also receives $285.60 per month in pension benefits and $1063.00 per month in Social Security benefits. Mrs. Richardson works two jobs where she earns $12.70 per hour and $12.00 per hour. For both plaintiffs, their home is their most significant asset.
> Id.

By contrast, Spinozzi, Carson, and Mitchell have provided no proof that arbitration will result in hardship. None has spoken on her employment, income, assets, or household finance. In their Amended Complaints, Spinozzi and Carson say only that they are "individual consumers," "relatively unsophisticated," with "limited financial resources." Complaints at 40, 41, and 46. Mitchell's Complaint contains no allegation whatsoever as to her finances or sophistication. Even in Opposition, Plaintiffs do not say they are *unable* to proceed with arbitration, only, perhaps, "unwilling." Opposition, p. 13. If courts permit such generalities to quash an otherwise valid arbitration agreement, any consumer could avoid arbitration. More broadly and importantly, if Plaintiffs' defenses were accepted, any consumer could avoid obligations under any consumer contract.

- 4 -

### 4. Plaintiffs Cannot Evade Arbitration by Failing to Read

Plaintiffs do not deny the TOU were readily available on LendingTree's website. As demonstrated by LendingTree's Affidavit, each Plaintiffs had to click a button indicating that she had read and agreed to the TOU before submitting a quote request. Yet each Plaintiff failed to read the TOU and suggest that their own failure prevents LendingTree from enforcing the TOU.

Again, Plaintiffs are wrong. "The law will not relieve one who can read and write from liability upon a written contract, upon the ground that he did not understand the purport of the writing, or that he has made an improvident contract, when *he could inform himself and has not done so*." Raper, 180 N.C. App. at 421 (emphasis added). The TOU were available for each Plaintiff's review prior to agreement, and each is bound to the arbitration provisions.

### 5. Plaintiffs Cannot Evade Arbitration by Claiming Breach of Contract

Per Plaintiffs, LendingTree breached the TOU, and thus cannot compel arbitration. Even if LendingTree had breached the contract (it did not), as a matter of substantive federal arbitration law, the court must consider the agreement to arbitrate first, and, if valid, leave decision on contract claims to the arbitrator. Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006) (enforcing arbitration despite allegation underlying contract was void as criminal usury). Thus, Plaintiffs' baseless contract claim is a matter reserved for the arbitrator.

### 6. Conclusion

LendingTree respectfully requests that this Motion to Dismiss be granted; that LendingTree be dismissed from Plaintiffs Spinozzi's, Mitchell's, and Carson's cases; and that each Plaintiff be instructed to bring her claims, if anywhere, in individual arbitration before the American Arbitration Association. No other result is consistent with the parties' agreement, North Carolina law, and the FAA.

This 18th day of August, 2008.

Respectfully submitted,


s/ Robert E. Harrington
Robert E. Harrington
N.C. Bar No. 26967
rharrington@rbh.com
Jonathan C. Krisko
N.C. Bar No. 28625
jkrisko@rbh.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

Mark S. Melodia (admitted *pro hac vice*)
mmelodia@reedsmith.com
Paul J. Bond (admitted *pro hac vice*)
pbond@reedsmith.com

**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street
Princeton, New Jersey 08540
(609) 514-6015

*Attorneys for Defendants*
*Home Loan Center, Inc. d/b/a LendingTree*
*Loans and LendingTree, LLC*

## CERTIFICATE OF COMPLIANCE WITH
## WORD COUNT LIMITATIONS

The undersigned hereby certifies, in accordance with Standing Order No. 3(b)(iv) Governing Civil Case Management Before the Honorable Frank D. Whitney, that this **MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT LENDINGTREE, LLC'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** contains 1,373 words, including footnotes and excluding the caption, signature block and this certification, as verified using the Word Count tool in Microsoft Word 2003.

s/ Robert E. Harrington
Robert E. Harrington
N.C. Bar No. 26967
rharrington@rbh.com
**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
(704) 377-2536

*Attorneys for Defendants*
*Home Loan Center, Inc. d/b/a LendingTree*
*Loans and LendingTree, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT LENDINGTREE, LLC'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gary W. Jackson
gjackson@ncadvocates.com

Billy D. Griffin
oculaw2@aol.com

Jason Brant Reynolds
jasrey@aol.com

and I hereby certify that I have mailed the document to the following non CM/ECF participants:

Jamie Sheller
Sheller, P.C.
1520 Walnut Street, 3rd Floor
Philadelphia, Pennsylvania  19102

Sherrie R. Savett
Michael T. Fantini
Jon Lambiras
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania  19103

This 1st day of August, 2008.

s/ Robert E. Harrington
Robert E. Harrington
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
(704) 377-2536
rharrington@rbh.com